# LLUNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LEDSON, a Polish Company, and LUMINII CORP., an Illinois corporation, | ) <br> ) Case No. 16-cv-4901 |
| Plaintiffs, | ) <br> ) JURY TRIAL DEMANDED |
| v. | ) <br> ) |
| QTran, Inc., a Connecticut corporation | ) **COMPLAINT FOR DESIGN PATENT** <br> ) **INFRINGEMENT** |
| Defendant. | ) |

Plaintiffs LEDsON and Luminii Corp. ("Plaintiffs") complain and allege as follows against Defendant QTran, Inc. ("Defendant").

## THE PARTIES

1. LEDsON is a family business established in 2005 in Warsaw, Poland, and has become a leading manufacturer of aluminum profiles for Light Emitting Diode (LED) fixtures. LEDsOn has created numerous unique designs for extrusions for LED-based lighting devices.

2. LEDsON has a place of business at ul. Obroncow Tobruku 31/140, 01-494 Warsaw, Poland.

3. Luminii is a manufacturer of specification grade architectural LED lighting products, is organized under the laws of the State of Illinois, and has a place of business at 7777 Merrimac Ave, Niles, IL 60714.

4. Upon information and belief, QTran, Inc. is corporation organized under the laws of the State of Connecticut, and has a place of business at 155 Hill Street, Milford, CT, 06460.

5. Upon information and belief, QTran, Inc. maintains a network of representatives across the United States, including the representative KSA Lighting, which has a place of business located at 17 N. State Street, Chicago, IL.

JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 et seq.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

8. This Court has personal jurisdiction over Defendant because it has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Illinois, including in this District. The acts by Defendant cause injury to Plaintiffs within this District. Upon information and belief, Defendant derives substantial revenue from the sale of infringing products within this District, expects its actions to have consequences within this District, and derives substantial revenue from interstate commerce.

9. Based on information and belief, this Court further has personal jurisdiction over Defendant because it has substantial or continuous and systematic activities in Illinois, including but not limited to conducting business through its representative KSA Lighting, which has a place of business located at 17 N. State Street, Chicago, IL.

10. Venue is proper within this District under 28 U.S.C. §§ 1391(b) and (c), or 28 U.S.C. § 1400(b).

BACKGROUND FACTS

11. Slawomir Trzesniowski is the managing director and owner of LEDsON.

12. Mr. Trzesniowski has protected his innovative designs through design patents issued by the United States Patent and Trademark Office, including but not limited to the following asserted design patents.

| Patent Number | Title |
|---|---|
| D649,683 | Extrusion for LED-Based Lighting Apparatus |
| D649,684 | Extrusion for LED-Based Lighting Apparatus |
| D649,681 | Extrusion for LED-Based Lighting Apparatus |

13. LEDsON owns, by way of assignment, each of the asserted design patents listed above, copies of which are attached as Exhibits 1-3.

14. Luminii is the exclusive licensee in the United States of the asserted LEDsON design patents.

15. As the side-by-side comparisons below reveal, Defendant has misappropriated Plaintiffs' patented LED-based lighting apparatus designs in the accused products.

| U.S. Design Patent D649,683 ||
|---|---|
| Side Elevation View | Accused Product IQA-RECD |
| | .60" .48" |

| U.S. Design Patent D649,684 ||
|---|---|
| Side Elevation View | Accused Product IQA-45DN |
| | 0.75" |

| U.S. Design Patent D649,681 ||
|---|---|
| Side Elevation View | Accused Product IQA-Flat |
| | |

14. Plaintiff, Luminii, notified Defendant of the asserted design patents and the accused products by way of a letter addressed to Mr. John Tremaine, Q-Tran, Inc., 155 Hill Street, Milford, CT, which was mailed on March 1, 2016.

15. Since receipt of the aforementioned letter, Defendant has continued to manufacture, import, sell and/or offer for sale one or more of the accused products.

16. On information and belief, Defendant, has acted with knowledge of the asserted design patents and the accused products in reckless disregard of the asserted design patents.

### FIRST CLAIM FOR RELIEF
(Infringement of D649,683)

17. Plaintiffs incorporate and reallege paragraphs 1 through 16 of this Complaint.

18. Defendant has infringed and continues to infringe U.S. Design Patent D649,683 by using, selling and/or offering to sell in the United States, and/or importing into the United States a LED-based lighting apparatus with product designation IQA-RECD, which embodies the design covered by U.S. Design Patent D649,683.

### SECOND CLAIM FOR RELIEF
(Infringement of D649,684)

19. Plaintiffs incorporate and reallege paragraphs 1 through 18 of this Complaint.

20. Defendant has infringed and continues to infringe U.S. Design Patent D649,684 by using, selling and/or offering to sell in the United States, and/or importing into the United States a LED-based lighting apparatus with product number IQA-45DN, which embodies the design covered by U.S. Design Patent D649,684.

### THIRD CLAIM FOR RELIEF
(Infringement of D649,681)

21. Plaintiffs incorporate and reallege paragraphs 1 through 20 of this Complaint.

22. Defendant has infringed and continues to infringe U.S. Design Patent D649,681 by using, selling and/or offering to sell in the United States, and/or importing into the United States a LED-based lighting apparatus with product number IQA-Flat, which embodies the design covered by U.S. Design Patent D649,681.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. A judgment that Defendant has infringed U.S. Design Patent D649,683.

2. A judgment that Defendants' infringement of U.S. Design Patent D649,683 is willful.

3. A judgment that Defendant has infringed U.S. Design Patent D649,684.

4. A judgment that Defendants' infringement of U.S. Design Patent D649,684 is willful.

5. A judgment that Defendant has infringed U.S. Design Patent D649,681.

6. A judgment that Defendants' infringement of U.S. Design Patent D649,681 is willful.

7. An order and judgment permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the asserted design patents.

8. A judgment awarding Plaintiffs all damages adequate to compensate for Defendant's infringement of the asserted patents, and particularly Defendant's total profits pursuant to 35 U.S.C. § 289.

9. A judgment awarding Plaintiffs all damages, costs, and interest, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest.

10. An accounting of Defendant's profits.

11. A judgment declaring this case to be exceptional and awarding Plaintiffs their reasonable attorneys fees pursuant to 35 U.S.C. § 285; and

12. Awarding Plaintiffs such other and further relief as this Court deems just and proper.

DATED: May 2, 2016	By:_____

    Joseph M. Kuo (Ill. Bar No. 6216400)
    William T. Eveland (Ill. Bar No. 6284790)
    ARNSTEIN & LEHR LLP
    120 South Riverside Plaza
    Suite 1200
    Chicago, IL 60606
    Telephone: (312) 876-7100
    Facsimile: (312) 876-0288
    jmkuo@arnstein.com
    wteveland@arnstein.com
    Attorney for Plaintiffs